No. 04-451

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 63N

JOHN D. SHEA and BRENDA SHEA,

        Plaintiffs and Respondents,

    v.

THOMAS J. O'NEILL, ROBERT ENGLISH,
U.S. BANCORP PIPER JAFFRAY and JOHN DOES, I-X,

        Defendants and Appellants.


APPEAL FROM:    District Court of the Second Judicial District,
                    In and for the County of Silver Bow, Cause No. DV 2002-207
                    The Honorable Kurt D. Krueger, Judge presiding.


COUNSEL OF RECORD:

        For Appellants:

                Stanley Kaleczyc and Brand Boyer, Browning Kaleczyc Berry & Hoven,
                Helena, Montana, John S. Lutz, Fairfield & Woods, Denver, Colorado
                (Counsel for U.S. Bancorp and Robert English); Robert J. Phillips, Phillips
                & Bohyer, Missoula, Montana (counsel for Thomas O'Neill)

        For Respondents:

                Gregory Skakles, Skakles & Gallagher, Anaconda, Montana


                              Submitted on Briefs:  January 19, 2005

                                      Decided:  March 15, 2005

Filed:

_____
                          Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 This case is one of 23 different lawsuits filed by individual investors against Thomas J. O'Neill (O'Neill), Robert English (English), and U.S. Bancorp Piper Jaffray, Inc. (Piper), involving the alleged mismanagement of accounts in Piper's branch office in Butte. This particular action involves two agreements John and Brenda Shea (the Sheas) entered into with Piper. In October 1994, the Sheas met with O'Neill, who at the time was a Piper employee, to open a Self-Directed IRA with Piper. The Sheas' meeting with O'Neill lasted 20 or 30 minutes, but during that time, O'Neill never explained to the Sheas any of the terms of the agreement that John Shea signed, nor did O'Neill inform the Sheas that the agreement contained an arbitration clause. In addition, the Sheas were never given a copy of the agreement.

¶3 In March 1998, the Sheas opened another account with Piper through O'Neill. However, neither of the Sheas met with O'Neill when they signed the agreement for this account. Instead, a receptionist provided the document to them for their signatures, but again they were not given any explanation concerning the terms of the agreement, nor were they given a copy of the agreement. The agreement for this account also contained an arbitration clause.

¶4 These facts and the issues arising from them are substantially identical to those in

*Willems v. U.S. Bancorp Piper Jaffray, Inc.*, 2005 MT 37, 326 Mont. 103, ___ P.3d ___. In that case, we held that a clause granting Piper broad discretion over an investor's holdings created a fiduciary duty. *Willems*, ¶ 22. That clause, in addition to the arbitration clause, was included in the Sheas' March 1998 agreement with Piper. *Willems* further held that because of the fiduciary duty, Piper was obligated to advise the investor of the arbitration clause, and that because Piper did not, the arbitration clause was unenforceable. *Willems*, ¶ 25.

¶5     Accordingly, in light of *Willems*, we affirm the District Court's conclusion that Piper owed a fiduciary duty to explain the arbitration provision to the Sheas, that it breached that duty and, therefore, that the pre-dispute arbitration provisions are unenforceable.

¶6     Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ JIM RICE
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS